DEBORAH KOCHAN (S.B. #152089)
dkochan@kochanstephenson.net
MATHEW STEPHENSON (S.B. #154330)
mstephenson@kochanstephenson.net
**KOCHAN & STEPHENSON**
1680 Shattuck Avenue
Berkeley, CA  94709
Telephone: (510) 649-1130
Facsimile: (510) 649-1131

Attorneys for Plaintiff
**TERESA AGUIRRE**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| TERESA AGUIRRE, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR FMLA AND CFRA INTERFERENCE AND RETALIATION AND DEMAND FOR JURY TRIAL** |
| STATE OF CALIFORNIA; DEBRA MILLS; CARIANNE HUSS; and DOES 1 through 5, | |
| Defendants. | |

## THE PARTIES

1.      Plaintiff TERESA AGUIRRE (hereafter "Ms. Aguirre" or "Plaintiff") is an adult woman.

2.      Defendant State of California is an employer subject to suit under the Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA").

3.      Defendant Debra Mills ("Mills") is an individual subject to suit under the FMLA in that at all times herein mentioned she was an Employment Program Manager II and Ms. Aguirre's Cluster Manager.

1

4.      Defendant Carianne Huss ("Huss") is an individual subject to suit under the FMLA in that at all times herein mentioned she was an Employment Program Manager I and Ms. Aguirre's Site Manager.

5.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 5 and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## JURISDICTION

6.    This case is brought pursuant to the Family Medical Leave Act, 29 USC § 2601 et seq., and the California Family Rights Act, Gov. C. § 12945.2.

7.    Plaintiff has met her administrative requirements under CRFA.

## INTRADISTRICT ASSIGNMENT

8.    The events giving rise to this litigation occurred within the jurisdiction of the United States District Court for the Northern District of California, which jurisdiction includes Lake County, where Ms. Aguirre lives and works.

## GENERAL ALLEGATIONS

9.    Ms. Aguirre has a long history of exemplary performance with Defendant State of California's EDD Department, most recently in the position of Employment Development Specialist I.

10.   In approximately March 2016 Ms. Aguirre's father became seriously ill. Thereafter, Ms. Aguirre applied for and was granted a reduced work schedule pursuant to the FMLA and/or CFRA in order to care for her father.  Specifically, she

1    was to work Monday through Friday from 12:00 pm to 5:00 pm.   This allowed her to

2    care for her father each morning at his house in Lakeport until she was relieved by

3    another caretaker.  Although at the time she requested leave Ms. Aguirre was

4    alternating work between Defendant's Marysville and Lakeport offices, Defendant

5    was aware that in order to provide her father care for the entire morning until she

6    was relieved by another caretaker, Ms. Aguirre needed to work exclusively out of

7    Defendant's local Lakeport office as she could not both take care of her father until

8    she was relieved and make the two hour commute to Marysville in time to report to

9    work by 12:00 pm. Despite this knowledge, almost immediately upon Ms. Aguirre

10   being granted leave Defendants began to pressure her to find a caretaker that could

11   relieve her earlier in the day so that she could make the two hour commute to

12   Marysville.  Defendants further increased the pressure on Ms. Aguirre to get her to

13   curtail or abandon her entitlement to leave by hyperscrutinizing her work and

14   harassing her about why it was that she couldn't get another family member to take

15   care of her father.    The hyperscrutiny and hostility to which Ms. Aguirre was

16   subjected culminated with Defendants' directive, in approximately May 2016 that

17   she must resume work in the Marysville office.

18       11.  In requiring Ms. Aguirre to report to work at Defendants' Marysville office,

19   which was an approximately two hour commute each way from her home, instead of

20   the Lakeport office just a couple of miles away, Defendants effectively denied Ms.

21   Aguirre the full amount of leave to which she was entitled each day to care for her

22   father.  Defendants demanded that Ms. Aguirre report to the Marysville office

23   instead of Lakeport knowing full well that they were placing her in the untenable

24   position of having to leave her father unattended for approximately two hours

25   before her replacement could arrive.  The nature of Ms. Aguirre's work as an

26   Employment Development Specialist was such that she could perform her duties

27   out of either the Lakeport or Marysville offices, as evidenced by the fact that she

28

Aguirre Complaint                                                    Case No.
03-01 Aguirre Complaint

was doing just that before her request for FMLA/CFRA leave.  Defendants' conduct

in denying and/or interfering with her right to take leave, the hostility and pressure

that they imposed on Ms. Aguirre for attempting to exercise those rights, and the

hyperscrutiny of her work caused Ms. Aguirre extreme anguish and stress such that

on June 1, 2016, she had no choice but to request a medical leave of absence due to

her own condition.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT – INTERFERENCE
## AND/OR RETALIATION
### (All Defendants)

12.      Plaintiff realleges and incorporates paragraphs 1 through 11,

inclusive, as though fully set forth herein.

13.      Defendants' conduct, described above, constitutes violations of the

FMLA in that Defendants interfered with Plaintiff's entitlement to FMLA leave

and/or subjected her to retaliation for having exercised her right to take such leave.

14.      As a proximate result of Defendants' interference and/or retaliation, as

alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of

wages, benefits, and additional amounts of money Plaintiff would have received if

Plaintiff had not been subject to said interference and/or retaliation.  As a result of

such interference, retaliation and consequent harm, Plaintiff has suffered damages

in an amount according to proof.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT-INTERFERENCE
## AND/OR RETALIATION
### (Defendant State of California)

15.      Plaintiff realleges and incorporates paragraphs 1 through 11,

inclusive, as though fully set forth herein.

16.     Defendant's conduct described above constitutes violations of the CFRA in that Defendant interfered with Plaintiff's entitlement to CFRA leave and/or subjected her to retaliation for having exercised her right to take such leave.

17.     As a proximate result of Defendant's interference and/or retaliation, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been subject to said interference and/or retaliation.  As a result of such interference, retaliation and consequent harm, Plaintiff has suffered damages in an amount according to proof.

18.     As a further proximate result of Defendant's interference and retaliation, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.  As a result of such retaliation and consequent harm, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For back pay, front pay, and other monetary relief according to proof;

2.     For general damages according to proof;

3.     For liquidated damages in an amount equal to the entire award of lost wages, benefits, etc., and interest;

4.     For injunctive relief;

5.     For interest on the sum of damages awarded according to proof;

6.     For reasonable attorney's fees and costs, including expert witness fees, pursuant to any and all such authority as is proper;

7.     For costs of suit herein incurred; and

8.     For such other and further relief as the court deems proper.

1

2   Dated:  September 28, 2016            KOCHAN & STEPHENSON

3

4                                        /s/ Deborah Kochan

5                                        _____
                                         Deborah Kochan
6                                        Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Aguirre Complaint
03-01 Aguirre Complaint                               Case No.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial for each and every claim for which she has a right to a jury trial.

Dated:  September 28, 2016                    KOCHAN & STEPHENSON


                                              /s/ Deborah Kochan
                                              _____
                                              Deborah Kochan
                                              Attorneys for Plaintiff

7