UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA AGUIRRE,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No.16-cv-05564-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 90 |

On December 9, 2017, Plaintiff requested leave to file a motion for reconsideration of the Court's summary judgment order. Dkt. No. 90. In the November 16, 2017 order, the Court denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment, except as to the issue of whether Defendants discouraged Plaintiff from exercising her rights under the Family and Medical Leave Act of 1993 ("FMLA"). Dkt. No. 81 at 23-24. Plaintiff now seeks leave to file a motion for reconsideration "because of a manifest failure by the Court to consider material facts and/or dispositive legal arguments which were presented to the Court" before the issuance of its order. Dkt. No. 90 at 3. The Court denies Plaintiff's motion.

A party seeking reconsideration of an interlocutory order must "show reasonable diligence in bringing the motion" and—as relevant here—"a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the challenged order. Civil L.R. 7-9(b)(3). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party . . . in opposition to the interlocutory order which the party now seeks to have reconsidered." Civil L.R. 7-9(c).

Plaintiff's motion amounts to no more than a repetition and rehashing of the arguments she

made at the summary judgment stage. She asserts that the Court made "five erroneous findings and/or rulings": (1) characterizing Plaintiff's leave as working from 12:30 p.m. to 5:00 p.m. each day, rather than "as the mornings off work (until noon)"; (2) mischaracterizing Plaintiff's argument that "Defendants had a duty to offer additional FMLA leave"; (3) mischaracterizing Plaintiff's argument "that requiring Plaintiff to report to Marysville by 12:30 constituted interference"; (4) denying Plaintiff's summary judgment motion as a result of the errors above; and (5) granting in part Defendants' summary judgment motion as a result of the errors above. Dkt. No. 90 at 4-7. In short, rather than demonstrate a "manifest failure" on the Court's part to "consider material facts or dispositive legal arguments," Plaintiff simply takes issue with the Court's characterization of her argument—a characterization which was based on the facts presented by the parties. A motion for reconsideration is not an appropriate vehicle by which to relitigate arguments made at summary judgment.

For the foregoing reasons, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 12/13/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

2