UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA AGUIRRE,<br><br>   Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | Case No.16-cv-05564-HSG<br><br>**ORDER RECONSIDERING IN PART ORDER GRANTING PARTIAL SUMMARY JUDGMENT; RESOLVING PARTIES' MOTIONS IN LIMINE; DENYING MOTION TO BIFURCATE; SETTING HEARING**<br><br>Re: Dkt. Nos. 95, 96, 97, 98, 99, 100, 101, 102, 115 |

On September 30, 2016, Plaintiff brought suit under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and the California Family Rights Act, Cal. Gov't Code § 12945.2 ("CFRA"). Dkt. No. 1. On November 16, 2017, the Court entered an order on the parties' cross-motions for summary judgment. *See* Dkt. No. 81. As relevant here, the Court concluded that Plaintiff's claim of FMLA interference "narrowly survive[d] summary judgment," and that at trial, the jury would "be confined" to determining a single issue of triable fact: whether Defendants' conduct discouraged Plaintiff from seeking additional FMLA leave, thus interfering with her rights under the statute. *See id.* at 23-24.

## I. ORDER RECONSIDERING IN PART ORDER GRANTING PARTIAL SUMMARY JUDGMENT

On December 7, 2017, Plaintiff filed a motion for reconsideration of the summary judgment order, *see* Dkt. No. 88, which the Court struck for failure to comply with the local rules, *see* Dkt. No. 89. On December 9, 2017, in accordance with the local rules, Plaintiff again filed a motion for leave to file a motion for reconsideration of the Court's order. Dkt. No. 90. Specifically, she sought leave on the grounds that there was "a manifest failure by the Court to

consider material facts or dispositive legal arguments which were presented to the Court." *See* Dkt. No. 93 at 1. The Court denied Plaintiff's motion on December 13, 2017. *See id.* at 2.

Upon further review, however, drawing all reasonable inferences in Plaintiff's favor, the Court finds that reconsideration in part is warranted as to the scope of the triable issues of fact. Specifically, while Plaintiff remains limited to an interference theory, the Court finds that Plaintiff may assert this theory by arguing that Defendants' decision to require her to report to the Marysville location at a designated time during her FMLA leave period interfered with her rights under the FMLA (or discouraged her from exercising them). Specifically, the Court finds that Plaintiff has shown that a genuine dispute of material fact exists as to whether requiring her to be in Marysville at 12:30 p.m. each day interfered with or discouraged her use of the FMLA leave she was granted for the period between March 23, 2016 and June 30, 2016. *See* Dkt. No. 59-1 at 11.[1] To the extent Defendant argues that the terms of the leave it granted to Plaintiff assumed that she would work in Marysville after a three- to four-week initial period, *see* Dkt. No. 63-2, that is a disputed issue of material fact to be resolved at trial. In other words, the jury must resolve the parties' factual dispute as to what the terms of Plaintiff's FMLA leave were, and as to whether Defendant's actions interfered with or discouraged her exercise of that leave.[2]

## II. ORDER RESOLVING THE PARTIES' MOTIONS IN LIMINE

On December 26, 2017, the parties filed several motions in limine. *See* Dkt. Nos. 95-98 (Plaintiff's motions); Dkt. Nos. 99-102 (Defendants' motions). The parties filed responses on January 2, 2018. *See* Dkt. Nos. 103-05, 111 (Defendants' responses); Dkt. Nos. 106-08

---

[1] As previously explained, Plaintiff may not argue at trial—directly or by implication—that the FMLA confers upon an employee a right to work in a particular location, as that would be contrary to black-letter law. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1132 (9th Cir. 2003) ("The FMLA does not entitle the employee to any rights, benefits, or positions they would not have been entitled to had they not taken leave.") (citing 29 U.S.C. § 2614(a)(3)(B)).
[2] Counsel for Plaintiff has argued at least four times that Defendants' conduct was "per se interference" under the FMLA. *See* Dkt. No. 59 at 8 (Plaintiff's motion for partial summary judgment); Dkt. No. 132 at 17:22-18:7 (transcript of January 16, 2018 pretrial conference); Dkt. No. 149 at 28:18-22 (transcript of February 13, 2018 further pretrial conference); *id.* at 41:25-42:4. The Court rejects this argument, again. As should be clear from the above discussion, if, for example, the jury believes Defendants' claim regarding the terms of the leave granted, it easily could find no liability. Plaintiff's claim survives summary judgment based on the inferences the Court must draw in her favor at this stage, but no such inferences will apply at trial.

(Plaintiff's responses). The Court considers each in turn.

**A.     Plaintiff's Motion in Limine No. 1 Re: Employer's Intent or Motivation**

Plaintiff seeks an order "precluding any evidence or argument from Defendants, their counsel or their witnesses, relating to Defendants' intent or motivation as it relates to their alleged interference violations of the FMLA/CFRA." Dkt. No. 95 at 1. Plaintiff grounds her argument in the legal principle that in an FMLA interference claim, the employer's intent is irrelevant, subjecting such claims to "what is tantamount to a strict liability standard." *See id.* at 1-2. Plaintiff thus characterizes the relevant inquiry as whether Defendants' conduct, and conduct only, discouraged Plaintiff's willingness to seek FMLA leave. *See id.* at 3. Defendants contend that they "intend to introduce [this] evidence to show the unreasonableness of the Plaintiff's claim that she was made to believe that even if she requested adjusted or additional family leave, that it would be denied." Dkt. No. 103 at 2. Defendants also argue that intent is relevant to the question of liquidated damages, which Plaintiff seeks. *See id.* at 3.

With respect to liability under the FMLA, it is clear that "the employer's good faith or lack of knowledge that its conduct violated the Act is, as a general matter, pertinent only to the question of damages under the FMLA, not to liability." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1130 (9th Cir. 2001). As discussed at the February 13, 2018 hearing, because the availability of liquidated damages is an equitable issue, the Court will determine whether such damages should be awarded in a bench trial if the jury finds Defendants liable. *See* Dkt. No. 149 at 20:3-21:8. The Court therefore intends to instruct the jury that whether Defendants intended to deny Plaintiff's rights under the FMLA is not relevant to liability. The Court declines, however, to categorically exclude evidence of Defendants' "intent or motivation" as broadly framed by Plaintiff. Such a blanket bar is unwarranted and unworkable: it would be essentially impossible for the defense to explain its witnesses' actions and interactions with Plaintiff without being able to generally explain why they did various things. Defense witnesses will not be allowed to testify that they did not intend to violate the FMLA, since such intent is irrelevant, but the motion is otherwise denied. *See Bachelder*, 259 F.3d at 1130. And, of course, if Plaintiff opens the door by suggesting that Defendants *did* have such intent or knowledge, Defendants clearly can respond to

3

rebut that claim. *See id.* at 22:13-24. Accordingly, Plaintiff's Motion in Limine No. 1 is denied except as to testimony about whether Defendants knew that their conduct violated the law.

### B. Plaintiff's Motion in Limine No. 2 Re: Inadmissibility of Certain Defense Exhibits

Plaintiff next seeks to exclude several defense exhibits on three grounds: improper disclosure,[3] irrelevance, and improper purpose. Dkt. No. 96 at 1. As to relevance, Plaintiff argues that the exhibits are irrelevant because they are related to her past requests for leave, compensation structure, job application and promotion, as well as her post-June 2016 requests for leave, disability insurance, and reasonable accommodation—while this case is about a specific instance of FMLA interference. Dkt. No. 96 at 2-3. Defendants counter that the exhibits are "direct evidence of the Plaintiff's awareness of her options when seeking time to care for her father and her overall awareness of her rights," and "bear directly on her credibility when she alleges that she felt she had no options." Dkt. No. 111 at 2. Plaintiff also contends that these exhibits are barred as character evidence, given her assumption "that Defendants[] intend to offer the exhibit to suggest that given their conduct before and after . . . Spring/Summer 2016, they did not interfere with the leave at issue in this case." Dkt. No. 96 at 4.

The facts Plaintiff seeks to exclude are relevant to her awareness of her options in terms of seeking leave and may also bear on her credibility, and are not "character evidence." The jury will have to decide, among other issues, whether Defendants' conduct would have been viewed as interference by a "similarly situated employee of ordinary resolve." *See Rinaldi v. Quality King Distribs., Inc.*, 29 F. Supp. 3d 218, 229 (E.D.N.Y. 2014); *see also Giovanna v. Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193, 200-01 (S.D.N.Y. 2009) (stating that, with respect to discouragement under the FMLA, the key inquiry is whether an employer's comments "would have dissuaded a similarly situated employee of ordinary resolve from attempting to exercise FMLA rights") (citation omitted). Plaintiff's Motion in Limine No. 2 is denied.

---

[3] Defendants represent that Plaintiff has "agreed to withdraw objections based on lack of prior disclosure as to documents for which Defendants provide a Bates number." Dkt. No. 111 at 1.

4

## C. Plaintiff's Motion in Limine No. 3 Re: Demonstrative Evidence

Next, Plaintiff seeks permission to use demonstrative evidence at trial, including during opening statements. Plaintiff understands that an order granting such permission would be subject to Defendants' "right to object after review of the demonstrative evidence and the Court's ultimate determination as to those objections at the time of trial." *See* Dkt. No. 97 at 1-3. Defendants do not oppose Plaintiff's motion, but note that they expect that "Plaintiff intends to attempt to use demonstrative evidence that exceeds the scope of issues to be tried in this case." Dkt. No. 105 at 1. Defendants are correct that this "issue is not before the Court at this time." *See id.*

Accordingly, Plaintiff's Motion in Limine No. 3 is granted. The Court admonishes the parties that this type of non-dispute could and should have been resolved without the Court's involvement.

## D. Plaintiff's Motion in Limine No. 4 Re: Scope of Evidence and Defendants' Motion in Limine No. 1 to Bar Argument and Evidence Regarding FMLA/CFRA Interference Other Than Statements Referenced in Court's Order on Parties' Cross-Motions for Summary Judgment

In Plaintiff's Motion in Limine No. 4, she seeks an order of "clarification regarding the scope of evidence she will be permitted to introduce at trial." Dkt. No. 98 at 1. While Defendants contend that "Plaintiff will be limited to only the four items of evidence referenced in the Court's Order on the parties' dispositive motions," Plaintiff argues she should "be allowed to offer all evidence relevant to the issue of whether she was discouraged in seeking additional FMLA leave to commute to Marysville," regardless of whether the Court referenced such evidence in its summary judgment order. *Id.* at 1-2. In response to Plaintiff's Motion in Limine No. 4, Defendants refer the Court to the arguments they make in their first motion in limine—specifically, that Plaintiff is limited to the facts deemed established by the Court at summary judgment. *See* Dkt. No. 104 at 1 (citing Dkt. No. 100). Accordingly, the Court addresses Plaintiff's Motion in Limine No. 4 and Defendants' Motion in Limine No. 1 together.

Defendants' argument is based primarily on Federal Rule of Civil Procedure 56(g), which provides that "[i]f the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact—including an item of damages or other

relief—that is not genuinely in dispute and treating the fact as established in the case." It is true that the Court had discretion to enter an order under Rule 56(g) at summary judgment. In this case, however, it simply did not do so, and no reasonable reading of the order could lead to such a conclusion. Defendants' assertion that the Court deemed Plaintiff to be limited to the facts cited by the Court in finding a genuine dispute of material fact on the question of discouragement is baseless. The Court's order did not cite Rule 56(g), and made clear that the facts to which it referred in finding a triable issue on the question of interference and discouragement were not an exhaustive enumeration of the facts on which Plaintiff could try her case. *See* Dkt. No. 81 at 23 ("*For example*, in Mills's email summarizing the May 10 meeting, Mills wrote, 'To clarify, I am no longer able to accommodate you in the Lakeport office.'") (emphasis added). The Court also notes that Defendants failed to cite any binding authority in support of their argument that "the above-referenced theories of liability and the related facts have been summarily adjudicated by the Court and are deemed established," citing only the Rutter Guide. *See* Dkt. No. 100 at 4.

Accordingly, Plaintiff's Motion in Limine No. 4 is granted, to the extent she seeks to be permitted to offer relevant evidence on her surviving claims. Defendants' Motion in Limine No. 1 is denied for the same reasons. To be clear, at summary judgment, the Court did not factually limit Plaintiff to the statements and conduct it cited as examples of possible interference for purposes of trial.

### E. Defendants' Motion in Limine No. 2 to Bar Evidence and Argument That Requiring Plaintiff to Work in Marysville Constituted Prohibited FMLA/CFRA Interference

Defendants next seek to prevent Plaintiff "from introducing any evidence or argument that Plaintiff's job as an Employment Specialist I for the EDD is not located in Marysville, California, or, correspondingly, that requiring Plaintiff to work in Marysville constitutes 'interference' under the" FMLA or CFRA. Dkt. No. 101 at 1. Plaintiff agrees that her job was located in Marysville, and agrees not to suggest otherwise. Dkt. No. 107 at 2. Plaintiff contends, however, that while she has "never taken the position that the mere fact of being assigned back to work in Marysville constituted interference," it was interference for Defendants to "direct[] her back to work in Marysville *for a shift to begin at 12:30 p.m.*, under the circumstances of this case." *Id.* (original

6

emphasis).

For the reasons stated above in the Court's reconsideration order, Plaintiff may argue at trial that Defendants' imposition of the combination of the Marysville work location and the 12:30 p.m. start time, after her FMLA leave began, interfered with her rights under the FMLA. Accordingly, Defendants' Motion in Limine No. 2 is denied.

### F. Defendants' Motion in Limine No. 3 to Bar Evidence or Argument That Defendants Had a Duty to Adjust Plaintiff's Existing FMLA/CFRA Leave, or to Impose New FMLA/CFRA Leave Unilaterally, to Help Plaintiff

Last, Defendants seek to prevent Plaintiff "from introducing any evidence or arguments that Defendants had a duty" under the FMLA or CFRA "to adjust Plaintiff's existing leave, or to impose new leave unilaterally, to help Plaintiff." Dkt. No. 102 at 1-2. Plaintiff contends that her argument is only that "Defendants' knowledge of her need for additional leave to accommodate the commute triggered Defendants' duty to ***apprise her of the option*** of taking additional FMLA leave." Dkt. No. 108 at 1-2 (original emphasis). Plaintiff further argues that "the fact that [Defendants] did not meet that duty is relevant to the inquiry of whether [she] was discouraged from requesting additional leave." *Id.* at 2.

Defendants' Motion in Limine No. 3 presents an issue that the Court believes is adequately addressed by its summary judgment order: to the extent Plaintiff wishes to assert a legal theory that did not survive summary judgment, she is plainly precluded from doing so. On the other hand, Plaintiff may present any evidence that is relevant to her surviving claims, subject to the Federal Rules of Evidence. Accordingly, Defendants' motion is granted in part and denied in part: it is granted to the extent Plaintiff wishes to introduce a legal theory barred by the Court's summary judgment order, and denied to the extent that it would bar Plaintiff from introducing evidence relevant to her surviving claims.

## III. ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE

On January 3, 2018, Defendants filed a motion to bifurcate the trial between liability and damages under Federal Rule of Civil Procedure 42. *See* Dkt. No. 115. Even setting aside the

motion's untimeliness,[4] the Court denies Defendants' motion.

A district court has "broad discretion" to bifurcate a trial under Rule 42. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016); *see also* Fed. R. Civ. P. 42(b) (providing that a court "*may* order a separate trial of one or more separate issues") (emphasis added). Rule 42 sets forth three factors the Court can consider in bifurcation motions: the avoidance of prejudice, the promotion of judicial economy, and convenience. Defendants argue that all three militate in their favor, while noting that "only one of Rule 42(b)'s factors must be satisfied to warrant bifurcation." *See* Dkt. No. 115 at 3 (citing cases).

As to the avoidance of prejudice, Defendants argue that without bifurcation, there is a "serious risk" that the jury would find Defendants liable "based on sympathy for a plaintiff who has endured extreme family hardships and suffering having nothing to do with Defendants' conduct." *See id.* at 4 (original emphasis). As to judicial economy, Defendants contend that at summary judgment, the Court indicated that Plaintiff's claim "does not appear to be strong," suggesting that it is likely that the question of damages will be moot after the conclusion of the liability portion of trial. *See id.* at 6-7. Defendants argue that the latter point also weighs in their favor in terms of the convenience of bifurcation. *See id.* at 7.

The Court disagrees. Defendants' arguments regarding judicial economy and convenience are undercut by Plaintiff's estimate that her witnesses' testimony will last no more than eight-and-a-half hours. *See* Dkt. No. 120 at 3. Notwithstanding Defendants' estimate that their witnesses' testimony will take—at the low end—more than 25 hours, *see* Dkt. No. 121 at 5, this is a factually straightforward case that does not warrant bifurcation for purposes of convenience or judicial economy. With respect to prejudice, bifurcation is appropriate where evidence of liability does not "overlap in any meaningful way" with evidence of damages. *Cf. Boyd v. City & Cnty. of S.F.*, No. C-04-5459 MMC, 2006 WL 680556, at *2 (N.D. Cal. Mar. 14, 2006) (citing *Quintanilla v.*

---

[4] As Plaintiff points out, Defendants' motion was untimely under the local rules, which required this motion to be noticed for hearing no less than 35 days after filing. *See* Dkt. No. 122 at 1; Civil L.R. 7-1 (describing "[d]uly noticed motions"); Civil L.R. 7-2 ("[A]ll motions must be filed, served and noticed in writing on the motion calendar . . . for hearing not less than 35 days after the filing of the motion."). Here, Defendants filed their motion on January 3, 2018 and set it for hearing at the pretrial conference, 13 days later.

8

1 *City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996)). Here, evidence of Plaintiff's emotional distress may be relevant not only to damages for her claim under CFRA, but to liability under the FMLA, if that distress was caused by a wrongful denial of FMLA leave. *See Farrell v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir. 2008) (upholding jury verdict "reflect[ing] that [the plaintiff] was not awarded FMLA damages for emotional distress, but rather '*for days of work that he missed* because of stress or other mental problems resulting from the wrongful denial of FMLA leave'") (original emphasis). Thus, there is a possibility that the evidence of liability and damages will overlap in a "meaningful way." *See Boyd*, 2006 WL 680556, at *2. Further, the Court is satisfied that Defendants have not shown any likelihood of undue prejudice to Defendants, and even if they had, there is no reason that appropriate limiting instructions could not address the issue.

Accordingly, Defendants' motion to bifurcate is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for reconsideration of the Court's summary judgment order is **GRANTED IN PART**, as set forth above.
2. Plaintiff's Motion in Limine No. 1 is **DENIED**.
3. Plaintiff's Motion in Limine No. 2 is **DENIED**.
4. Plaintiff's Motion in Limine No. 3 is **GRANTED**.
5. Plaintiff's Motion in Limine No. 4 is **GRANTED**, as set forth above.
6. Defendants' Motion in Limine No. 1 is **DENIED**.
7. Defendants' Motion in Limine No. 2 is **DENIED**.
8. Defendants' Motion in Limine No. 3 is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.
9. Defendants' motion to bifurcate is **DENIED**.

//
//
//

Further, the Court **SETS** a status conference for May 15, 2018 at 3:00 p.m.  Before the conference, the parties are **DIRECTED** to determine counsel's and witnesses' availability for trial between now and the end of 2018.

**IT IS SO ORDERED.**

Dated: 4/25/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge