UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA AGUIRRE,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No.16-cv-05564-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 156 |

On May 11, 2018, Plaintiff Teresa Aguirre requested leave to file a motion for reconsideration of the Court's order reconsidering in part its order granting partial summary judgment. Dkt. No. 156. In the April 25, 2018 order, the Court discussed the scope of the issues of fact for trial as to Plaintiff's interference claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and the California Family Rights Act, Cal. Gov't Code § 12945.2 ("CFRA"). Dkt. No. 155 at 2. A party seeking reconsideration of an interlocutory order must "show reasonable diligence in bringing the motion" and—as relevant here—either that "a material difference in law or fact exists from that which was presented to the Court" before the challenged order, or "a manifest failure by the Court to consider material facts or dispositive legal arguments" presented to it before its issuance of the challenged order. Civil L.R. 7-9(b). A motion for reconsideration is not a vehicle for perpetually relitigating the Court's rulings, or a substitute for appeal. *See Durkee v. Ford Motor Co.*, No. C 14-0617 PJH, 2015 WL 1156765 (N.D. Cal. 2015) at * 2 ("[M]ere disagreement with a court's order does not provide a basis for reconsideration.") (citation omitted); *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG, 2015 WL 4463742 (N.D. Cal. 2015) at * 4 (stating that "reconsideration is not an opportunity to relitigate issues that have already been thoughtfully decided") (citation and internal

quotation marks omitted).

Plaintiff has shown neither the existence of a newly material legal or factual difference, nor has she shown a failure on the Court's part to consider material facts or dispositive arguments. To the extent Plaintiff continues to dispute the manner in which the Court will frame the issues for trial, and the Court's rejection of her "per se violation" theory, her position is preserved for appeal.

Accordingly, Plaintiff's motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: 5/14/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge