UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA AGUIRRE, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No.16-cv-05564-HSG <br><br> **ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 79 |

Pending before the Court is the administrative motion to seal filed by Plaintiff Teresa Aguirre. Dkt. No. 79. For the following reasons, the Court GRANTS the motion.

**I. LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite,

promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

Plaintiff moves to seal portions of Plaintiff's deposition transcript and attached exhibits because they contain "personal and confidential information regarding treatment Plaintiff received from her health care providers." *See* Dkt. No. 79 at 1:8-11, 4:17-18. Plaintiff proposes filing a version of these documents in which roughly 22 pages of her 340-page deposition, Dkt. No. 79-1, and 38 of the 76 pages of exhibits attached to the deposition, Dkt. No. 79-2, are redacted.

2

1  Plaintiff's deposition testimony and the exhibits Plaintiff seeks to seal are more than tangentially related to Plaintiff's causes of action under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and the California Family Rights Act, Cal. Gov't Code § 12945.2 ("CFRA"). Therefore, the Court applies the "compelling reasons" standard.

The Plaintiff has provided a compelling reason for sealing the selected portions of her deposition and attached exhibits because they contain detailed accounts of Plaintiff's medical symptoms, diagnoses, and treatments. *See Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14, 2015) ("Plaintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal"); *Vietnam Veterans of Am. v. C.I.A.*, No. C 09-0037, 2012 WL 1094360, at *1 (N.D. Cal. Mar. 29, 2012) (sealing exhibits containing "sensitive personal information about certain individuals, including health records").

The Court therefore **GRANTS** Plaintiff's motion to file the documents under seal.

**IT IS SO ORDERED.**

Dated: 9/12/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge