UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA AGUIRRE, Plaintiff, v. THE STATE OF CALIFORNIA, et al., Defendants. | Case No. 16-cv-05564-HSG<br><br>**ORDER DENYING MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 178, 179 |

Pending before the Court are the parties' supplemental motions in limine, filed on November 26. *See* Dkt. Nos. 178 (Plaintiff's motion in limine), 179 (Defendants' motions in limine). The parties each responded in opposition that same day. *See* Dkt. Nos. 180 (Defendants' opposition), 181 (Plaintiff's opposition). For the following reasons, the Court **DENIES** all of the supplemental motions in limine.

## I. PLAINTIFF'S MOTION IN LIMINE

Plaintiff asks the Court to "preclude Defendants from mischaracterizing Plaintiff's leave" by requiring Defendants to refer to the leave "as the mornings off to care for her father in Lakeport" rather than as "half time work hours" or a similar phrase. *See* Dkt. No. 178 at 1–2. Plaintiff claims this "mischaracterization could confuse or mislead the jury." *See id.* at 2.

The Court will not grant this vague and unmanageable request. First, as Defendants note, Plaintiff's counsel has repeatedly referred to Plaintiff's leave as "half-day" or "half-time" throughout this litigation. *See* Dkt. No. 180 at 2–3 (excerpts of depositions). Second, such a request is entirely unenforceable. Plaintiff is of course entitled to present evidence on the terms of her leave as she understood it, but the Court will not police the short-hand phrases the Defendants use to describe their understanding of the terms. Accordingly, Plaintiff's motion in limine is **DENIED.**

## II. DEFENDANTS' MOTIONS IN LIMINE

Defendants filed a motion in limine seeking to exclude the testimony of Plaintiff's proposed witnesses Irma Rodriguez and Loretta Ancellotti as well as the mention of a potential hardship transfer to another job. *See* Dkt. No. 179 at 1, 3, 4.

### A. Motion to Exclude Testimony of Irma Rodriguez

Defendants ask the Court to exclude the testimony of Plaintiff's sister, Irma Rodriguez, who Plaintiff intends to call to discuss "Plaintiff's emotional distress." *See* Dkt. No. 179 at 1. Defendants claim that her testimony will be biased, cumulative, unfairly prejudicial, and constitute improper expert testimony by a lay witness. *See id.* Plaintiff responds that Ms. Rodriguez's testimony will demonstrate "one of three different perspectives" on Plaintiff's emotional distress and will be limited to her observations. *See* Dkt. No. 181 at 1.

Defendants have failed to demonstrate that Ms. Rodriquez will testify beyond her personal observations and opinions or that her testimony will be cumulative or substantially more prejudicial than it is probative. *See* Fed. R. Evid. 701, 403. Defendants are, of course, entitled to cross-examine Ms. Rodriguez about any potential bias. Accordingly, the Court **DENIES** the motion to exclude Ms. Rodriguez.

### B. Motion to Exclude Testimony of Loretta Ancellotti

Defendants seek to exclude the testimony of Loretta Ancellotti, one of Plaintiff's health care providers, because Plaintiff withdrew her as a trial witness on January 8 and "reversed course" recently, which has caused Defendants to "formulate[] a trial strategy that did not include" Ms. Ancellotti. Dkt. No. 179 at 3. Plaintiff counters that Ms. Ancellotti "will only be called as a rebuttal witness . . . only if Defendants challenge the terms of Plaintiff's leave as it is specified in Plaintiff's Certification of Health Care Provider." Dkt. No. 181 at 1.

Neither party cites any rules or authority in making their arguments. That said, Defendants deposed Ms. Ancellotti and Plaintiff added her to the witness list on October 17, so it is difficult to see how Defendants would be prejudiced by allowing her to testify when trial commences in January. Therefore, the Court **DENIES** the motion to exclude Ms. Ancellotti, subject to reconsideration depending on the manner in which Plaintiff attempts to introduce the testimony.

2

### C. Motion to Exclude Mention of Potential Hardship Transfer

Defendants "seek an order excluding from trial all testimony and evidence regarding the issue of a 'hardship transfer'" including the testimony of Ted Henderson, Defendant's "designee regarding hardship transfers." Dkt. No. 179 at 4. Defendants claim that the proffered evidence is not relevant, that this theory of FMLA interference was not raised in the pleadings, that Plaintiff never actually requested a hardship transfer, that it is a collateral matter, and that this issue "was never raised and thus was never litigated in this lawsuit." *Id.* at 4–8. Plaintiff responds by explicating her theory of how evidence of her request for a hardship transfer helps to establish her claim of FMLA discouragement. *See* Dkt. No. 181 at 3–5.

Whether Plaintiff requested a hardship transfer is an issue for the jury to resolve as it determines whether Plaintiff was discouraged from exercising her right to FMLA leave. Accordingly, the Court **DENIES** Defendants' motion to exclude mention of potential hardship transfer.

**IT IS SO ORDERED.**

Dated: 12/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge