1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    TERESA AGUIRRE,                          Case No. 16-cv-05564-HSG

8              Plaintiff,                     **[DRAFT SUBSTANTIVE] FINAL JURY
                                              INSTRUCTIONS**
9         v.

10   THE STATE OF CALIFORNIA, et al.,

11             Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Final Jury Instruction No. _ Re:**
**Elements of FMLA Interference Claim**

To succeed on her FMLA claims against the State of California, Ms. Mills, or Ms. Huss, Ms. Aguirre must prove each of the following facts by a preponderance of the evidence as to each Defendant:

1. That Ms. Aguirre was eligible for the FMLA's protections. This element is established;

2. That Ms. Aguirre's employer was covered by the FMLA. This element is established;

3. That Ms. Aguirre was entitled to leave under the FMLA. This element is established;

4. That Ms. Aguirre provided sufficient notice to the Defendant of her intent to take leave; and

5. That the Defendant denied Ms. Aguirre FMLA benefits to which she was entitled.

For the fifth element, you must determine whether the Defendant interfered with, restrained, or denied Ms. Aguirre's exercise of or attempt to exercise her FMLA rights by requiring her to report to the Marysville location by 12:30 p.m. each day.

You do not need to find that the Defendant intentionally interfered with, restrained, or denied Ms. Aguirre's use of her right to unpaid leave. The question is not whether the Defendant acted with bad intent, but rather whether Ms. Aguirre was entitled to leave and the Defendant interfered with, restrained, or denied the exercise of that leave.

**Final Jury Instruction No. _ Re:**
**Elements of CFRA Interference Claim**

To succeed on her CFRA claims against the State of California, Ms. Mills, or Ms. Huss, Ms. Aguirre must prove each of the following facts by a preponderance of the evidence as to each Defendant:

1.  That Ms. Aguirre was eligible for family care leave.  This element is established;

2.  That Ms. Aguirre requested leave to care for her father, who had a serious health condition.  This element is established;

3.  That Ms. Aguirre provided reasonable notice to the Defendant of her need for family care leave, including its expected timing and length;

4.  That the Defendant interfered with, restrained, or denied Ms. Aguirre's exercise of or attempt to exercise her family care leave rights;

5.  That Ms. Aguirre was harmed; and

6.  That the Defendant's conduct was a substantial factor in causing Ms. Aguirre's harm.

For the fourth element, you must determine whether the Defendant interfered with, restrained, or denied Ms. Aguirre's exercise of or attempt to exercise her family care leave rights by requiring her to report to the Marysville location by 12:30 p.m. each day.

For the sixth element, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

3

**Final Jury Instruction No. _ Re:**
**Reasonable Person Standard**

You must determine whether the State of California, Ms. Mills, and/or Ms. Huss interfered

with or discouraged Ms. Aguirre's use of her FMLA and/or CFRA leave in a way that would have

dissuaded a similarly situated employee of ordinary resolve from exercising or attempting to

exercise his or her FMLA and/or CFRA rights.

United States District Court
Northern District of California

**Final Jury Instruction No. _ Re:**
**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Aguirre, on either her FMLA claim or her CFRA claim, or on both claims, you must determine her damages. Ms. Aguirre has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Ms. Aguirre for any injury you find was caused by the State of California, Ms. Mills, or Ms. Huss.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Final Jury Instruction No. _ Re:**
**Damages – Mitigation**

Ms. Aguirre has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

1. that Ms. Aguirre failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**Final Jury Instruction No. _ Re:**
**Damages – FMLA**

The damages calculation is different under the FMLA and CFRA.  I will first instruct you on how to calculate damages if you find a violation of the FMLA, and then on how to calculate damages if you find a violation of the CFRA.

If you find that Ms. Aguirre has proved each element she must prove to succeed on her FMLA claim, you must decide the issue of her damages.

The measure of damages for Ms. Aguirre is either lost wages and benefits or other expenses incurred because of the FMLA violation.  Ms. Aguirre can recover lost wages and benefits, or she can recover other expenses incurred because of the State of California, Ms. Mills, or Ms. Huss's actions—but not both.

If Ms. Aguirre proved that she lost wages or benefits because of the FMLA violation, then Ms. Aguirre may recover net lost wages and benefits.

If you find that Ms. Aguirre did not directly lose pay or benefits because of the FMLA violation, then you may award Ms. Aguirre the actual monetary loss that directly resulted from the FMLA violation.  This amount of damages cannot exceed 12 weeks of Ms. Aguirre's wages or salary.

Lastly, the FMLA does not allow Ms. Aguirre to recover for any mental or emotional distress or pain and suffering that may have been caused by the FMLA violation.  But Ms. Aguirre may recover lost wages for missed work due to mental or emotional distress caused by a wrongful interference with her FMLA leave.

7

**Final Jury Instruction No. _ Re:**
**Damages – CFRA**

If you find that Ms. Aguirre has proved each element she must prove to succeed on her CFRA claim, you must decide the issue of her damages.

The damages claimed by Ms. Aguirre for the harm caused by the CFRA violation fall into two categories, called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

The following is the specific item of economic damages claimed by Ms. Aguirre:

1.  Ms. Aguirre's past lost earnings.

To recover damages for past lost earnings, Ms. Aguirre must prove the amount of the wages that she has lost.

The following are the specific items of noneconomic damages claimed by Ms. Aguirre:

1.  Past and future mental suffering;

2.  Loss of enjoyment of life;

3.  Physical impairment;

4.  Inconvenience;

5.  Grief;

6.  Anxiety;

7.  Humiliation; and

8.  Emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and other emotional distress, Ms. Aguirre must prove that she is reasonably certain to suffer that harm.

For future mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and other emotional distress, determine the amount in current dollars

paid at the time of judgment that will compensate Ms. Aguirre for future mental suffering, loss of

enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and other

emotional distress.