UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERESA AGUIRRE,

         Plaintiff,

    v.

THE STATE OF CALIFORNIA, et al.,

         Defendants.

Case No. 16-cv-05564-HSG

**FINAL JURY INSTRUCTIONS**

**Final Jury Instruction No. 1 Re:**
**Duty of Jury**

Members of the jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Final Jury Instruction No. 2 Re:**
**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim, or affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim, or affirmative defense, is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

**Final Jury Instruction No. 3 Re:**
**Two or More Parties – Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Final Jury Instruction No. 4 Re:**
**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

**Final Jury Instruction No. 5 Re:**
**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Final Jury Instruction No. 6 Re:
Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Final Jury Instruction No. 7 Re:**
**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Final Jury Instruction No. 8 Re:**
**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Final Jury Instruction No. 9 Re:**
**Taking Notes**

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Final Jury Instruction No. 10 Re:**
**Bench Conferences and Recesses**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

**Final Jury Instruction No. 11 Re:
Deposition Testimony**

3    A deposition is the sworn testimony of a witness taken before trial. The witness is placed

4 under oath to tell the truth and lawyers for each party may ask questions. The questions and

5 answers are recorded.

6    Videotaped deposition testimony of Ted Henderson was presented at trial.  Insofar as

7 possible, you should consider deposition testimony in the same way as if the witness had testified

8 in court.

9    Do not place any significance on the behavior or tone of voice of any person reading the

10 questions or answers.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Final Jury Instruction No. 12 Re:**
**Expert Opinion**

You have heard testimony from Laura Ines and Bruce Smith, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Final Jury Instruction No. 13 Re:**
**Purpose of FMLA and CFRA**

The purpose of both the Family and Medical Leave Act (FMLA) and California Family Rights Act (CFRA) is to provide an eligible employee time off work when the employee is unable to work because of his or her own serious health condition, or because the employee needs time off to care for a spouse, child, or parent who has a serious health condition. The FMLA and CFRA provide unpaid, job-protected leave. Leave may be taken all at once, or may be taken intermittently as the medical condition requires.

United States District Court
Northern District of California

**Final Jury Instruction No. 14 Re:**
**Elements of FMLA Interference Claim**

To succeed on her FMLA claims against the State of California, Ms. Mills, or Ms. Huss, Ms. Aguirre must prove each of the following facts by a preponderance of the evidence as to each Defendant:

1. That Ms. Aguirre was eligible for the FMLA's protections.  This element is established;

2. That Ms. Aguirre's employer was covered by the FMLA.  This element is established;

3. That Ms. Aguirre was entitled to leave under the FMLA.  This element is established;

4. That Ms. Aguirre provided sufficient notice to the Defendant of her intent to take leave; and

5. That the Defendant denied Ms. Aguirre FMLA benefits to which she was entitled.

For the fifth element, you must determine whether the Defendant interfered with, restrained, or denied Ms. Aguirre's exercise of or attempt to exercise her FMLA rights. Interference includes not only refusing to authorize FMLA leave, but also discouraging an employee from using such leave.

You do not need to find that the Defendant intentionally interfered with, restrained, or denied Ms. Aguirre's use of her right to unpaid leave.  The question is not whether the Defendant acted with bad intent, but rather whether Ms. Aguirre was entitled to leave and the Defendant interfered with, restrained, or denied the exercise of that leave.

**Final Jury Instruction No. 15 Re:**
**Elements of CFRA Interference Claim**

To succeed on her CFRA claims against the State of California, Ms. Mills, or Ms. Huss, Ms. Aguirre must prove each of the following facts by a preponderance of the evidence as to each Defendant:

1. That Ms. Aguirre was eligible for family care leave. This element is established;

2. That Ms. Aguirre requested leave to care for her father, who had a serious health condition. This element is established;

3. That Ms. Aguirre provided reasonable notice to the Defendant of her need for family care leave, including its expected timing and length;

4. That the Defendant interfered with, restrained, or denied Ms. Aguirre's exercise of or attempt to exercise her family care leave rights;

5. That Ms. Aguirre was harmed; and

6. That the Defendant's conduct was a substantial factor in causing Ms. Aguirre's harm.

For the fourth element, you must determine whether the Defendant interfered with, restrained, or denied Ms. Aguirre's exercise of or attempt to exercise her family care leave rights. Interference includes not only refusing to authorize CFRA leave, but also discouraging an employee from using such leave.

For the sixth element, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

You do not need to find that the Defendant intentionally interfered with, restrained, or denied Ms. Aguirre's use of her right to unpaid leave. The question is not whether the Defendant acted with bad intent, but rather whether Ms. Aguirre was entitled to leave and the Defendant interfered with, restrained, or denied the exercise of that leave.

1

2

**Final Jury Instruction No. 16 Re:**
**Rights Under the FMLA and CFRA**

3     The FMLA and CFRA guarantee that an employee's taking leave will not result in a loss

4  of job security or in other adverse employment actions.  The FMLA and CFRA do not entitle an

5  employee to any rights, benefits, or positions the employee would not have been entitled to had

6  the employee not taken leave.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Final Jury Instruction No. 17 Re:**
**Caring for Family Member**

An employee's intermittent leave or a reduced leave schedule necessary to care for a family member includes not only a situation where the condition of the family member itself is intermittent, but also where the employee is only needed intermittently—such as where other care is normally available, or care responsibilities are shared with another member of the family or a third party. The employee need not be the only individual or family member available to care for the family member.

**Final Jury Instruction No. 18 Re:**
**Certification of Need for Leave**

If an employee submits a complete and sufficient certification signed by the health care provider, the employer may not request additional information from the health care provider. However, the employer may contact the health care provider for purposes of clarification and authentication of the medical certification (whether initial certification or recertification) after the employer has given the employee an opportunity to cure any deficiencies.

An employer who has reason to doubt the validity of a medical certification may require the employee to obtain a second opinion at the employer's expense. The employer is permitted to designate the health care provider to furnish the second opinion, but the selected health care provider may not be employed on a regular basis by the employer.

United States District Court
Northern District of California

**Final Jury Instruction No. 19 Re:
Recertification of Need for Leave**

An employer may request recertification of the need for leave if the employer receives information that casts doubt upon the employee's stated reason for the absence or the continuing validity of the certification.

**Final Jury Instruction No. 20 Re:
Notice of Intent to Take Family Care Leave**

Under the FMLA and CFRA, an employee must give the employer sufficient notice of his or her need for family care leave and employees need only notify their employers that they will be absent under circumstances which indicate that the FMLA might apply. Notice may be oral or written.

The FMLA and CFRA require that employees give timely notice to their employers of the need to take leave and provide the employer sufficient information that leave is for a qualifying reason. Timely notice means that the employee must have notified the employer of his or her need for leave as soon as practicable after learning of the need to take leave. The employee need not expressly assert rights under the FMLA or CFRA or even mention the FMLA or CFRA. But the employee is required to provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA or CFRA qualifying leave, and the anticipated timing and duration of the leave.

An employer may waive an employee's notice obligations or the employer's own internal rules on notice requirements.

**Final Jury Instruction No. 21 Re:**
**Notice of Leave**

When an employee seeks leave due to a FMLA–qualifying reason, for which the employer has previously provided FMLA–protected leave, the employee must specifically reference the qualifying reason for leave or the need for FMLA leave. In all cases, the employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain the necessary details of the leave to be taken.

**Final Jury Instruction No. 22 Re:**
**Reason for Leave**

An employee can affirmatively decline to use FMLA leave, even if the underlying reason for seeking the leave would have invoked FMLA protection.

**Final Jury Instruction No. 23 Re:**
**Damages – Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Aguirre, on either her FMLA claim or her CFRA claim, or on both claims, you must determine her damages. Ms. Aguirre has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Ms. Aguirre for any injury you find was caused by the State of California, Ms. Mills, or Ms. Huss.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Final Jury Instruction No. 24 Re:**
**Damages – Mitigation**

Ms. Aguirre has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

1. that Ms. Aguirre failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**Final Jury Instruction No. 25 Re:**
**Damages – FMLA**

The damages calculation is different under the FMLA and CFRA.  I will first instruct you on how to calculate damages if you find a violation of the FMLA, and then on how to calculate damages if you find a violation of the CFRA.

If you find that Ms. Aguirre has proved each element she must prove to succeed on her FMLA claim, you must decide the issue of her damages.

The measure of damages for Ms. Aguirre is either lost wages and benefits or other expenses incurred because of the FMLA violation.  Ms. Aguirre can recover lost wages and benefits, or she can recover other expenses incurred because of the State of California, Ms. Mills, or Ms. Huss's actions—but not both.

If Ms. Aguirre proved that she lost wages or benefits because of the FMLA violation, then Ms. Aguirre may recover net lost wages and benefits.

If you find that Ms. Aguirre did not directly lose pay or benefits because of the FMLA violation, then you may award Ms. Aguirre the actual monetary loss that directly resulted from the FMLA violation.  This amount of damages cannot exceed 12 weeks of Ms. Aguirre's wages or salary.

Lastly, the FMLA does not allow Ms. Aguirre to recover for any mental or emotional distress or pain and suffering that may have been caused by the FMLA violation.  But Ms. Aguirre may recover lost wages for missed work due to mental or emotional distress caused by a wrongful interference with her FMLA leave.

**Final Jury Instruction No. 26 Re:**
**Damages – CFRA**

If you find that Ms. Aguirre has proved each element she must prove to succeed on her CFRA claim, you must decide the issue of her damages.

The damages claimed by Ms. Aguirre for the harm caused by the CFRA violation fall into two categories, called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

The following is the specific item of economic damages claimed by Ms. Aguirre:

1.  Ms. Aguirre's past lost earnings.

To recover damages for past lost earnings, Ms. Aguirre must prove the amount of the wages that she has lost.

The following are the specific items of noneconomic damages claimed by Ms. Aguirre:

1.  Past and future mental suffering;

2.  Loss of enjoyment of life;

3.  Physical impairment;

4.  Inconvenience;

5.  Grief;

6.  Anxiety;

7.  Humiliation; and

8.  Emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

You must decide the full amount of money that will reasonably and fairly compensate Ms. Aguirre for all damages caused by the wrongful conduct of the Defendants even if Ms. Aguirre was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

To recover for future mental suffering, loss of enjoyment of life, physical impairment,

inconvenience, grief, anxiety, humiliation, and other emotional distress, Ms. Aguirre must prove that she is reasonably certain to suffer that harm.  For future mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and other emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Ms. Aguirre for future mental suffering, loss of enjoyment of life, physical impairment, inconvenience, grief, anxiety, humiliation, and other emotional distress.

**Final Jury Instruction No. 27 Re:**
**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Final Jury Instruction No. 28 Re:**
**Consideration of Evidence – Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your

verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Final Jury Instruction No. 29 Re:**
**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Final Jury Instruction No. 30 Re:**
**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated: 1/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge