UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA AGUIRRE,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 16-cv-05564-HSG<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 215 |

Currently before the Court is Plaintiff Teresa Aguirre's motion for a corrective jury instruction and sanctions, based on statements made by Defendants' counsel, Deputy Attorney General William McMahon. *See* Dkt. No. 215. The Court **DENIES** the motion.[1]

**I. BACKGROUND**

This case involved a litany of discovery disputes, including over the proper scope of discovery into Aguirre's medical history and the diagnoses and treatment she had received from one of her medical providers, a nurse practitioner named Loretta Ancellotti. *See, e.g.*, Dkt. Nos. 61 (discovery letter brief), 65 (minute entry reflecting agreement to revise scope of subpoena to Ancellotti). Ancellotti did not testify at trial. In Defendants' closing argument, McMahon contended (despite the absence of any evidence in the trial record) that records had been "withheld" from defense counsel:

> There was a suggestion that you were misled about [Aguirre's] prior diagnosis of depression. And I hope you noticed the parsing of words and the careful, careful talking in circles around it. Let's be honest now. Remember, [Aguirre's expert witness] Dr. Smith – Dr. Rorschach was up there yesterday. You remember him acting

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

> confused? Well, wait a minute. Oh, yeah, I pointed out he only received the records from Ancellotti; right? This was the person who did the diagnosis. Ancellotti's records were withheld from him, all the records prior to the start of her FMLA leave. That would include the February records with the depression diagnosis. Nobody denied that that took place. There was just all this talk about how, wait a minute, Gail Dyne, four years earlier – that's false. That is not the only diagnosis. Withholding the records from your own expert. Well, they withheld them from us as well.

Trial Tr. vol. 5 at 1035:11–25. Counsel for Aguirre objected. *Id.* at 1036:1. The Court sustained the objection and instructed the jury to disregard McMahon's comment. *Id.* at 1036:2–4. But McMahon continued to press the issue:

> I would suggest to you that Dr. Smith, who did not receive all of Ancellotti's records, was in no position to talk about any sort of diagnosis or when it happened, because he had an incomplete picture. They would like you to have an incomplete picture as well.

*Id.* at 1036:5–9. Counsel for Aguirre did not object. However, counsel brought up the records in his rebuttal:

> The Ancellotti records. Let's deal with that for a second. Look, if there were Ancellotti records that supported what defendants are claiming, you can bet they would have put them in front of you. If they wanted to claim that's what they said, they were obligated to put it in front of you.

*Id.* at 1043:14–18. McMahon objected and added the comment that "[t]his not only goes beyond the scope, but those records were withheld from us." *Id.* at 1043:19–20. The Court sustained the objection but warned McMahon that his speaking objection was inappropriate. *Id.* at 1043:21–24.

The following day, Aguirre filed her motion for a corrective instruction and sanctions. *See* Dkt. No. 215. The Court denied the request for a corrective instruction and allowed Defendants to respond to the motion for sanctions. *See* Trial Tr. vol. 6 at 1068:13–25. Defendant responded. *See* Dkt. No. 221.[2]

## II. LEGAL STANDARD

Federal courts have "inherent power . . . to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980). Courts may impose sanctions

---

[2] Despite the Court's instruction that the motion would be submitted after Defendants' response, Aguirre filed a reply. *See* Dkt. No. 222.

for "bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

## III. DISCUSSION

As the Court ruled at trial, McMahon's comments about Plaintiff's counsel supposedly "withholding" documents from the defense were improper. Those facts were not in evidence and should not have been referenced before the jury during closing argument. *See Draper v. Rosario*, 836 F.3d 1072, 1084 (9th Cir. 2016) (noting that "attorneys may not rely on evidence outside the record during closing argument"). The Court should not have to tell an experienced trial lawyer acting on behalf of the State of California that referencing discovery disputes not in the record in a closing argument is inappropriate. But the Court does not find, based on the entire record, that these statements made during closing argument reflect bad faith or willfulness.

Further, the Court's contemporaneous rulings and instructions to the jury were sufficient to cure any prejudice that may have resulted from McMahon's comments. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). No further instructions were necessary. And, based on the totality of the evidence presented at trial, the Court concludes that these comments had no effect on the jury's verdict. *See Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 516–17 (9th Cir. 2004) ("A new trial should only be granted where the flavor of misconduct sufficiently permeates an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.") (internal quotations and alterations omitted).

No sanctions are warranted for McMahon's remarks.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the motion for a corrective jury instruction and sanctions.

**IT IS SO ORDERED.**

Dated: 8/2/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

3